Sucesión J. Serrallés, peticionaria, *v.* Corte de Distrito de Ponce, Hon. Ramón A. Gadea Picó, demandada.

Núm. 12.—*Sometido:* Noviembre 13, 1944. *Resuelto:* Febrero 2, 1945.

*F. Parra Capó* y *Leopoldo Tormes García,* abogados de la peticionaria; *Erasto Arjona Siaca,* abogado de los interventores, demandantes en los pleitos principales.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Julián Rodríguez y Francisco V. Torres, obreros agrícolas, quienes trabajaban como celadores de instalaciones agrícolas pertenecientes a la Sucesión J. Serrallés, radicaron demandas por separado ante la Corte Municipal de Ponce, reclamando compensación por horas extras y días de descanso.

Alegó Rodríguez, que desde el 26 de enero de 1939 hasta junio 8 de 1942 trabajó como celador en las instalaciones de riego de su patrono, desde las 4:00 de la tarde de cada día hasta las 6:00 de la mañana del día siguiente, o sea catorce horas diarias; que durante 1,228 días trabajó 7,368 horas extras, que a razón de doble tipo de salario por la hora ordinaria, computado a base de $5.95 por semana, arrojan un total de $1,473.06; que de esos días, él tenía derecho

a 175 de descanso con paga y no los disfrutó, adeudándole la querellada por ese concepto la suma adicional de $148.75.

Alegó Torres que "por salario de $5.95 por semana" trabajó como celador de la querellada desde el 2 de agosto de 1935 hasta junio 8, 1942, o sea durante 2,514 días, desde las 4:00 de la tarde hasta las 6:00 de la mañana del día siguiente; que durante ese período trabajó 15,084 horas extras, que a razón de doble tipo de salario por hora ordinaria arroja un total de $3,016.80; que de esos días tenía derecho a 2,514 de descanso con paga, que a razón de $5.95, que era su salario por semana, importa $1,830.90, que la querellada le adeuda.

En sus contestaciones, idénticas en ambos casos, la querellada negó los hechos esenciales de las querellas, y como defensa alegó "que dicho querellante trabajó para la querellada ocho horas diariamente y por el trabajo realizado por dicho querellante, esta querellada le pagó el salario convenido todos los sábados" y "que el jornal convenido con el querellante por el trabajo realizado por el mismo para ella se le pagó semana por semana, sin que le adeude absolutamente nada por ese concepto ni por ningún otro". Alegó, además, "que el querellante era un trabajador contratado para trabajar por días y su jornal lo devengaba por cada día que trabajaba para esta querellada, por lo que dicho querellante no tiene derecho a los alegados . . .'días de descanso".

Fallados ambos casos a favor de los reclamantes, la Sucesión Serrallés apeló para ante la Corte de Distrito de Ponce. Por convenio de las partes, los dos casos fueron vistos conjuntamente. La corte inferior declaró probados los siguientes hechos:

1. Que el obrero Julián Rodríguez, durante el período de enero 26, 1939, a junio 8, 1942 trabajó 1161 días y durante siete días de cada semana, con excepción de aquellas en que trabajó seis o menos días.

Que durante el indicado período trabajó 149 domingos; y que el total de horas trabajadas en exceso de la jornada legal de ocho horas asciende a 8127.

Que el obrero empezó a trabajar con un salario de 90 centavos diarios, que percibió desde enero 26 de 1939 a febrero 5 de 1942; que de febrero 5 a abril 9 de 1942 su salario era 95 centavos diarios; y que de abril 11, 1942 hasta el fin de su empleo el salario fué aumentado a $1 diario.

En consonancia con las anteriores conclusiones, la corte inferior dictó sentencia condenando a la querellada a pagar a dicho obrero las siguientes cantidades:

```
"134 domingos a   $.90  diarios_____   $120. 60
   7 domingos a    .95  diarios_____      6. 65
   8 domingos a   1.00  diarios_____      8. 00
1161 novenas horas extras trabajadas durante igual
       número de días en la siguiente forma:
1042 novenas horas a   $.225  por hora_____    234. 45
  58 novenas horas a    .2375 por hora_____     13. 78
  61 novenas horas a    .25   por hora_____     15. 25
   6 horas extras en 1042 días a  $.1125_____   703. 35
   6 horas extras en   58 días a   .11875_____    41. 33
   6 horas extras en   61 días a   .125_____    45. 75
                                                    _____
        Total_____ $1, 189. 16".
```

2. Que el obrero Francisco V. Torres, entre el 2 de agosto de 1935 y junio 8 de 1942, trabajó un total de 2146 días, y durante siete días en cada semana con excepción de algunas en que trabajó menos.

Que dicho obrero trabajó 268 domingos y un total de 8,022 horas en exceso de la jornada legal de ocho horas.

Que el obrero empezó a trabajar con un salario de 85 centavos diarios, desde agosto 2 de 1935 hasta el 20 de enero de 1938; que desde esa fecha hasta febrero 5, 1942 se le pagó a razón de 90 centavos por día; y de esa última fecha hasta el final del empleo a razón de 95 centavos diarios.

La corte inferior dictó sentencia a favor del obrero reclamante, adjudicándole las cantidades siguientes:

"73 domingos a $.85 diarios_____ $62..05
180 domingos a $.90 diarios_____ 162. 00
15 domingos a $.95 diarios_____ 14. 25
2146 novenas horas extras trabajadas durante igual
    número de días en la siguiente forma:
670 novenas horas a $.2125 por hora_____ 142. 38
1357 novenas horas a $.225   por hora_____ 305. 33
119 novenas horas a $.2375 por hora_____ 28. 26
6 horas extras en   670 días a $.10625_____ 427..13
6 horas extras en 1357 días a $.1125_____ 915. 98
6 horas extras en   119 días a $.11875_____ 84. 78.

Total_____ $2, 142. 16''.

Amparándose en las disposiciones de la Ley núm. 32 de 3 de mayo de 1943 (pág. 85), la Sucesión J. Serrallés acudió ante esta Corte en solicitud de un auto de *certiorari,* el cual fué expedido en junio 13 de 1944.

En apoyo de su recurso, la peticionaria señala dos errores que a su juicio fueron cometidos por la corte inferior al apreciar la prueba y al aplicar la ley a los hechos del caso.

■ Como primer señalamiento se alega que en contra de lo declarado por los propios querellantes, la corte inferior condenó a la demandada a pagarles tiempo doble por la novena hora, sin tener en cuenta lo que ya habían recibido en pago de su jornal durante el período a que se refiere la querella; y que la corte inferior erró también al condenar a la peticionaria a pagarle a los querellantes, a tipo sencillo, las horas adicionales en exceso de la novena, no teniendo en cuenta que esas horas les habían sido pagadas de acuerdo con el contrato de trabajo.

En la vista ante la corte de distrito declaró el querellante Francisco Vázquez Torres, en la forma siguiente: Desde agosto 2, 1935 ha estado trabajando como celador, cuidando utensilios, gasolina y maquinarias; que desde junio 8, 1942

para acá ha estado ganando un dólar diario y anteriormente $0.85 diarios; que entraba al trabajo a las cuatro de la tarde y salía a las siete de la mañana cuando llegaban los demás trabajadores; que así ocurrió siempre; que durante esas horas tenía que vigilar, sin tener un momento de descanso y sin que nadie viniese a sustituirlo; que trabajó catorce horas diarias hasta junio 8 de 1942, "en que redujeron a ocho horas y pusieron otro salario"; que trabajaba seis horas extra todos los días; que el patrono le pagaba por semanas y le pagó por semanas de ocho horas nada más; que ahora le pagan un peso y le pagaban los sábados; que antes le entregaban $5.95 cada semana y trabajaba catorce horas diarias y ahora le pagan $7 cada semana y trabaja nada más que ocho horas; que durante ese tiempo trabajó más de 15,000 horas extras, que tienen un valor de $3,016.80, y no tuvo un solo día de descanso, pues trabajaba todos los domingos; que en el 1936 hubo semanas en que no trabajó más que cuatro días, por haberse establecido turnos para darle oportunidad de trabajar a otros obreros; que las horas que reclama son las que él trabajó y no incluyen las de otras personas.

Repreguntado por el abogado de la peticionaria, el reclamante Vázquez declaró: que quien le empleó a él para trabajar como celador fué el jefe de la obra, Esteban Vidal; que éste le dijo: "Aquí hay este trabajo, si Ud. quiere aceptarlo", y él lo aceptó; que Vidal le dijo que había que entrar a las cuatro de la tarde y salir a las siete de la mañana, ganando ochenta y cinco centavos por día; que ganó 85 centavos durante 1935 y 1936 y después le aumentaron a 90 centavos "por las mismas catorce horas"; que en marzo o abril de 1941 le aumentaron a 95 centavos y entraba a las cuatro y salía a las siete del otro día; que cobraba los sábados y siempre le pagaron el jornal convenido de acuerdo con el número de días trabajados; y que Vidal nunca le ofreció pagarle algo más por las horas en exceso de las ocho horas de trabajo.

Declaró el querellante Julián Rodríguez en los mismos términos que su compañero Vázquez; y refiriéndose al contrato de trabajo entre él y su patrono, declaró: que Vidal le dijo que necesitaba un hombre para sereno de noche y ''que tenía que estar ahí a las cuatro de la tarde cuando salieran ellos, que yo quedaba ahí hasta que vinieran por la mañana a las siete'', y que le pagaría por eso noventa centavos; que le pagaban los sábados y cuando trabajaba la semana completa, siete días, pagaban $6.30.

Esteban Vidal, empleado de la Sucesión Serrallés y encargado de las obras de construcción declaró que fué él quien contrató los servicios de los reclamantes; que habló con ellos para que hicieran las guardias durante la noche, desde las cuatro de la tarde hasta las siete de la mañana siguiente.

Las declaraciones de los propios querellantes demuestran concluyentemente que los salarios que ellos aceptaron—y que su patrono les pagó por todos y cada uno de los días en que trabajaron—era por trabajar como celadores desde las cuatro de la tarde hasta las siete de la mañana del día siguiente, o sea durante catorce horas. Siendo esos los términos del contrato entre las partes, y habiendo admitido los querellantes que el patrono les pagó los salarios al tipo estipulado, por todos los días en que ellos trabajaron como celadores, lo único que los querellantes tienen derecho a reclamar es el pago de la novena hora a tipo sencillo, para completarles la doble compensación que les concede la ley por la novena hora, de acuerdo con lo resuelto por este Tribunal en los casos de *Cardona* v. *Corte,* 62 D.P.R. 61, *Muñoz* v. *Corte,* 63 D.P.R. 236 y *Sucesión de Lucas P. Valdivieso* v. *Corte,* ante, pág. 493.

La hora de trabajo debe computarse diviendo el jornal que recibía cada uno de los obreros querellantes por catorce, que era el número de horas convenido. De acuerdo con esta regla, los querellantes deben recibir:

Julián Rodríguez:

| | | | | | |
|---|---|---|---|---|---|
| Por | 1042 | novenas horas a | $.625 | por hora_____ | $65. 12 |
| Por | 58 | novenas horas a | .650 | por hora_____ | 3. 77 |
| Por | 61 | novenas horas a | .700 | por hora_____ | 4. 27 |

Total_____ $73. 16

Francisco · V. Torres:

| | | | | | |
|---|---|---|---|---|---|
| Por | 670 | novenas horas a | $.625 | por hora_____ | $41. 88 |
| Por | 1357 | novenas horas a | .650 | por hora_____ | 98. 21 |
| Por | 119 | novenas horas a | .700 | por hora_____ | 8. 33 |

Total_____ $148. 42

El segundo señalamiento se refiere a la concesión de compensación por días de descanso. Los querellantes, por la naturaleza del trabajo a que se dedicaban, no están incluídos entre los obreros que tienen derecho al día de descanso con salario íntegro por cada seis días de trabajo. *Parrondo* v. *L. Rodríguez & Co.*, ante, pág. 438; *Sucesión de Lucas P. Valdivieso* v. *Corte*, supra; y *Compañía Popular de Transporte, Inc.* v. *Corte*, ante, pág. 383.

*Procede por lo expuesto devolver el caso a la Corte de Distrito para que modifique su sentencia anterior, condenando a la querellada a pagar al querellante Julián Rodríguez la cantidad de $73.16 y al querellante Francisco V. Torres la cantidad de $148.42, sin costas, por no ser imponibles en esta clase de juicios, de conformidad· con la sección 14, Ley núm. 10 de noviembre 14 de 1917 (II, pág. 217).*